Arguelles M.D., P.C. v American Ind. Ins. Co. (2022 NY Slip Op 50926(U))

[*1]

Arguelles M.D., P.C. v American Ind. Ins. Co.

2022 NY Slip Op 50926(U) [76 Misc 3d 134(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1413 K C

Arguelles M.D., P.C., as Assignee of
Darvell Tribe, Respondent, 
against
American Independent Ins. Co., Omni Indemnity Company, American
Independent Insurance Companies, Inc., and Good2Go Auto Insurance, Appellants.

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellants.
The Rybak Firm, PLLC (Oleg Rybak of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered January 25, 2019. The order, insofar as appealed from, denied defendants'
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendants' motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendants
appeal from so much of an order of the Civil Court as denied defendants' motion which had
sought summary judgment dismissing the complaint on the ground, among others, that the action
was barred by the statute of limitations.
In support of a cross motion for summary judgment, plaintiff submitted an affidavit by
plaintiff's owner who asserted that the subject claim forms were submitted to defendants on or
before October 20, 2007, that the claims had not been paid, and that statutory interest was to be
computed as of 30 days after each claim's submission. Consequently, the payment due date, as
implicitly alleged by plaintiff in its complaint and in the affidavit by plaintiff's owner, must be
deemed to have been in November 2007, that is, 30 days after defendants' receipt of the claims
(see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8; Shtarkman v MVAIC, 20 Misc 3d
132[A], [*2]2008 NY Slip Op 51447[U] [App Term, 2d
Dept, 2d & 11th Jud Dists 2008]). Plaintiff did not commence this action until 2018, after
the six-year statute of limitations for contract actions, which is applicable to this cause of action
(see CPLR 213 [2]; Mandarino v
Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]), had expired. As plaintiff raised no
issue of fact as to the timeliness of the action, defendants' motion to dismiss based on the statute
of limitations should have been granted (see A.M. Med., P.C. v Continental Ins. Co., 47 Misc 3d 128[A],
2015 NY Slip Op 50389[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; DJS Med. Supplies, Inc. v Clarendon Natl.
Ins. Co., 32 Misc 3d 129[A], 2011 NY Slip Op 51304[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is reversed and defendants' motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022